**In re Thurman L. BROWN, Applicant for Admission to the Delaware Bar, Petitioner Below, Appellant.**

Supreme Court of Delaware.

Submitted April 10, 1979.

Decided April 25, 1979.

Thurman L. Brown, pro se.

William Poole, Wilmington, for the Board of Bar Examiners of the State of Delaware.

Before DUFFY, QUILLEN and HORSEY, JJ.

PER CURIAM:

The applicant failed the 1978 Legal Ethics Examination (see Rule BR–52.3 of Board of Bar Examiners Rules) and failed both the Multistate (MBE) Examination and the

essay portions of the 1978 Bar Examination (see BR–52.4 of the Board of Bar Examiners Rules). As a consequence, he did not qualify for admission to the Bar. Supreme Court Rule 52(a)(6). Thereafter he filed a timely petition with the Board (see BR–52.6 of the Board of Bar Examiners Rules) seeking deliverance to him of a certificate of his qualification for admission to the Bar. See Supreme Court Rule 52(d). The petition was denied and the applicant appealed to this Court.

The gist of the appeal centers around Question 20 of the application for admission to the Bar * and the requirement of Supreme Court Rule 52(a)(1) that the applicant produce evidence satisfactory to the Board that "he is a person of good moral character and reputation and that he possesses such qualities, aptitudes and disposition as fit him for the practice of law." In general, the applicant claims the inquiry made by the Board was constitutionally overbroad.

There is a rather complex factual history relating to the applicant's answer to Question 20 including: an initial interview with a Board member which included a discussion of whether Question 20 had been fully answered; a June 13, 1978 Board meeting deferring consideration of the application pending further investigation of the applicant's response to Question 20; a June 15, 1978 subcommittee meeting with the applicant discussing his application including Question 20 and two other questions; a June 20, 1978 amendment to the application; a July 6, 1978 Board meeting denying the application; a July 17, 1978 second amendment to the application; and a July 19, 1978 hearing which afforded the applicant a further opportunity to show satisfaction of the character requirement. The culmination of the effort was a July 20, 1978 letter from the Board approving the application and granting permission to take the 1978 examination. The applicant took the examination on July 26, 27 and 28 with the results noted above.

It would appear that since the applicant, prompted by the Board's inquiry, gave, by amendments to his application, further answer to certain questions on the application and since the character evidence presented was ultimately satisfactory to the Board, the prime issue raised by the applicant is moot. We so hold.

While comment beyond the holding is perhaps unnecessary, and not always wise, we do note that the main part of the controversy raised here relates to the applicant's claim that there can be no inquiry into his juvenile record. Since a State can make inquiry into good moral character [*Schware v. Board of Bar Examiners of the State of New Mexico*, 353 U.S. 232, 77 S.Ct. 752, 1 L.Ed.2d 796, 64 A.L.R.2d 288 (1957)], it is difficult to justify, as a matter of policy, let alone constitutionality, a prohibitory limitation on inquiry about criminal activity that would normally exclude any inquiry into about seventy-five per cent of an applicant's past life, including some statistically high crime juvenile teen-age years. We do not understand that the law imposes any such arbitrary limitation on inquiry. Of course, the weight given any such information disclosed will depend on the circumstances, including the age factor.

Other allegations made by the petitioner, including discrimination against minority groups and lack of anonymous grading as provided by BR–52.5(a) of the Board's Rules, lack any factual support in the record.

To maximize the opportunity to take the examination, the Board regularly receives applications through May 1. The applicant's opening brief indicates his application was filed on May 1, 1978. The Board necessarily attempts the required character inquiry with considerable time constraints. Applicants obviously should take care to make careful and accurate responses to the questions in the verified application. Not-

---

* "Have you ever been charged with, arrested, convicted, fined or questioned regarding the violation of any law including, but not limited to, motor vehicle violations and misdemeanors?"

withstanding the necessity of a tight time schedule and the special burden imposed in this case by the applicant's incomplete disclosure, this Court recognizes that the character inquiry here, so close timewise to the late July 1978 examination, may have created a special hardship on the applicant. The Board is not responsible for this and, in any event, the burden cannot justify unprecedented special and individual relief without meeting the usual standards of qualification.

The decision of the Board of Bar Examiners is affirmed.